# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 18-245(4) (DWF/HB)

               Plaintiff,

v.                                                                    **ORDER ADOPTING REPORT
                                                                      AND RECOMMENDATION**

James Flaherty Hill,

               Defendant.

      This matter is before the Court upon Defendant James Flaherty's ("Defendant")

objections (Doc. No. 196) to Magistrate Judge Hildy Bowbeer's May 22, 2019 Report

and Recommendation (Doc. No. 189) insofar as it recommends that Defendant's Motion

to Suppress Evidence Obtained as a Result of Search and Seizure be denied.

      The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).  The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Defendant's objections.  In the Report and Recommendation, the

Magistrate Judge found that:  (1) the warrant to search Defendant's residence was valid

because it was properly supported by probable cause; and (2) the search of the white

truck parked in Defendant's driveway was permissible because it was within the residence's curtilage.[1]

The Magistrate Judge explained that the affidavit for the search warrant contained enough information to establish a nexus among the criminal behavior under investigation, the evidence to be seized, and the places to be searched. She also affirmed the credibility and reliability of the cooperating witness, specifically citing the steps law enforcement took to corroborate the witness' statements. Finding the search warrant valid, Magistrate Judge Bowbeer relied on *United States v. Coleman*, 909 F.3d 925 (8th Cir. 2018) to conclude that the search of the white truck was permissible because even though it wasn't specifically identified in the warrant as a location to be searched, it was parked within the residence's curtilage.

Defendant argues that the Magistrate Judge erred when she found that the warrant authorizing the search of his residence was supported by probable cause, and that she improperly relied on *Coleman* to find that the search of the white truck was permissible. In *Coleman*, the police gained independent probable cause to search a vehicle after a drug dog alerted. *Id.* at 927. Defendant argues that because the police in *Coleman* already had probable cause to search the vehicle, the court's ruling that it was also permissible to

---

[1]     Magistrate Judge Bowbeer also recommended that the Court deny Defendant's motion on the grounds that he failed to identify the items seized pursuant to the challenged search that he moves to suppress. She explained that pursuant to Local Rule 12.1(c)(1)(B), a motion to suppress evidence "must identify that evidence and the nature of the challenge." L.R. 12.1(c)(1)(B). The Court agrees.

search any vehicle parked on the premises' curtilage is nonbinding dicta that the Court should not follow.

After a careful review of Defendant's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's finding that the search warrant was properly supported by probable cause. Further, whether or not the Magistrate Judge's reliance on *Coleman* was proper, the Court finds that there was sufficient probable cause to search Defendant's white truck even without a warrant. *See United States v. Vore*, 743 F.3d 1175, 1179 (8th Cir. 2014) ("[T]he 'automobile exception' permits the warrantless search of a vehicle if the police had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began.") (internal quotation marks and citation omitted)).

Here, law enforcement understood that the white truck belonged to Defendant. (Doc. No. 164 at 154). On the day of the search, Defendant exhibited behavior which raised concern that he may remove or destroy evidence.[2] (*Id.* at 150.) Law enforcement observed Defendant re-park the white truck in his driveway so that the front of the truck faced the street. (*Id.* at 155.) Around the same time, law enforcement observed a different vehicle arrive at Defendant's home and depart with suspicious looking packages

---

[2] Early afternoon, the police pulled over a vehicle a few minutes after it left Defendant's residence. (Doc. No. 164 at 145-46.) Defendant drove past the traffic stop several times and engaged with law enforcement on two occasions, asking each time that the vehicle be released to him. (*Id.* at 147.) The officers refused to release the vehicle, which a canine unit subsequently alerted to the presence of illegal narcotics. (*Id.* at 148.) Law enforcement also found it highly unusual that Defendant followed the vehicle to the impound lot while it was being towed. (*Id.* at 148-149.)

which they subsequently learned contained one pound of methamphetamine, one pound of cocaine, seven pounds of marijuana, and five firearms.  (*Id.* at 159.)  While officers may not have specifically seen something get placed in Defendant's white truck, the Court finds that based on the totality of the circumstances, there was probable cause to search it because there was "a fair probability that contraband or evidence of a crime" would be found inside of it.  *United States v. Cortez-Palmino*, 438 F.3d 910, 913 (8th Cir. 2006) (internal quotation marks and citation omitted).  "A warrantless search of an automobile is not unreasonable if law enforcement officers have probable cause to believe that the vehicle contains evidence of criminal activity."  *United States v. Daniels*, 809 F.3d 447, 448 (8th Cir. 2016).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Defendant James Flaherty Hill's objections (Doc. No. [196]) to Magistrate Judge Hildy Bowbeer's May 22, 2019 Report and Recommendation are **OVERRULED**.

2.     Magistrate Judge Hildy Bowbeer's May 22, 2019 Report and Recommendation (Doc. No. [189]) is **ADOPTED**.

3.     Defendant James Flaherty Hill's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [137]) is **DENIED**.

Dated:  June 27, 2019             s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge