# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-245(4) (DWF/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| James Flaherty Hill, | |
| Defendant. | |

This matter came before the Court for a pretrial hearing on August 29, 2019. At the pretrial hearing, the Court heard, among other things, the parties' respective motions *in limine*. Consistent with and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and for the reasons explained during the hearing, the Court hereby enters the following:

**ORDER**

1. As counsel agreed at the pretrial hearing, with respect to Plaintiff's Motions *in Limine* (Doc. No. [248]), counsel must approach the Court and seek a preliminary ruling outside the presence of the jury before offering any argument or evidence of the types in question.

2. Defendant's Motion *in Limine* No. 1 for an Order Precluding the Government from Offering Evidence or Testimony About the Canine Alert on Defendant's Vehicle (Doc. No. [253]) is **DENIED**. The Court concludes that while the evidence is prejudicial to the defense, it is not unduly so, in consideration of its clear

relevance and Defendant's opportunity for cross-examination. As the Government argues, probative evidence concerning the sequence of events, compliance with procedure, and the larger theory of the case are inextricably connected to the occurrence of the canine alert, which is itself disputed, as the defense will have the opportunity to point out in addition to the lack of contraband found. The situation in this case can be distinguished from that which faced the district court in *United States v. Arthur James Pierre*.[1] In the *Pierre* case, a canine alerted to the presence of drugs at the defendant's dresser —an immobile object likely to be used for personal belongings rather than distribution— during a search conducted with the defendant's consent. Here, the object in question is a vehicle, and counsel for the Government wishes to demonstrate that the search of Defendant's Plymouth on November 15, 2016 was conducted pursuant to a warrant based on sufficient probable cause and as part of a larger investigation. The Court trusts defense counsel can adequately address any shortcomings of such an alert, for example, that a dog cannot explain why it did not sit to indicate an alert nor can it identify the particulars of what substance it might have detected, severely limiting the canine alert's significance. Defense counsel can also inquire as to the qualifications of the officer and canine. Evidence of the canine alert is sufficiently intrinsic and is presumptively admissible under the Court's Article 4 analysis, including Rules 401 and 403, as the probative value is not substantially outweighed by the danger of unfair

---

[1] Doc. No. 253, citing *United States v. Arthur James Pierre*, Crim. No. 4:10-CR-36 (E.D. Texas May 10, 2012); Doc. Nos. 253-1, 253-2.

prejudice. However, the Court reserves the right to give a limiting instruction for aspects of this testimony.

Dated: September 4, 2019          s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge