# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-245(4) (DWF/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| James Flaherty Hill, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant James Flaherty Hill's post-trial Motion for Judgment of Acquittal. (Doc. No. 321.) For the reasons discussed below, the Court denies the motion.

## BACKGROUND

Count 1 of the Superseding Indictment charges Defendant with conspiracy to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 20.) The Superseding Indictment alleged that beginning in or about November 2016, and continuing through in or about October 2018, Defendant conspired with six other named defendants to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. (*Id*.) Count 2 charges Defendant with possession with the intent to distribute methamphetamine. (*Id*.) Specifically, the Superseding Indictment alleges that on or about November 14, 2016,

Defendant aided and abetted possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. (*Id.*)

On September 17, 2019, after a multi-day trial, a jury convicted Defendant of conspiracy to distribute methamphetamine (Count 1) and aiding and abetting possession with intent to distribute methamphetamine (Count 2). (Doc. No. 306.) Defendant now moves for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.

## DISCUSSION

Rule 29 of the Federal Rules of Criminal Procedure provides that the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. When deciding a motion for judgment of acquittal, the Court views the evidence and all reasonable inferences from it in the light most favorable to the jury's verdict. *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018). If there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt, the verdict must be upheld. *Id*.

Defendant argues that acquittal is appropriate for three reasons: (1) the government failed to prove the existence of the a conspiracy to distribute methamphetamine as charged in Count 1 of the superseding indictment; (2) the government failed to prove that Defendant intentionally or knowingly became a member of the conspiracy charged in Count 1; and (3) the evidence supporting the charge of aiding and abetting the possession with intent to distribute methamphetamine as charged in Count 2 was insufficient as a matter of law to sustain the conviction. In support,

Defendant submits that the government failed to prove the "far-reaching" conspiracy alleged in Count 1 or that Defendant joined the conspiracy. Defendant further submits that the government's evidence was confined to the time period of November 2016, and arguably May 2, 2017, and that the government did not offer evidence of Defendant's involvement in drug trafficking after May 2, 2017. With respect to Count 2, Defendant argues that the evidence does not support the jury's finding of guilt because the government did not prove beyond a reasonable doubt that Defendant knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of possession with intent to distribute methamphetamine nor did it prove beyond a reasonable doubt that Defendant knew that possession with intent to distribute was being committed or was going to be committed.

To convict a defendant on a count for conspiracy to distribute a controlled substance, the government must prove: (1) a conspiracy to distribute the controlled substance existed; (2) the defendant knew about the conspiracy; and (3) the defendant knowingly became a part of the conspiracy. *See United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011). Individuals with limited roles can be considered principals and are not required to know everything about the planned crime. *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016). A conspiracy may consist of "'a loosely knit, non-hierarchical collection of persons who engaged in a series of transactions involving distribution-quantities of [a controlled substance] . . . in and around' a particular city over a course of time." *United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014).

Based on a review of the evidence submitted at trial, the Court concludes that there is sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that there existed a conspiracy to distribute methamphetamine and that Defendant voluntarily and knowingly joined that conspiracy. Specifically, there is evidence that, from at least November 2016 to May 2017, Defendant played an active part in the methamphetamine conspiracy that was led by co-defendant James Lee Johnson. The fact that the conspiracy continued beyond May 2017 does not negate Defendant's participation, as a "single overall conspiracy can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." *United States v. McGilberry*, 620 F.3d 880, 885-86 (citation omitted). Accordingly, the Court denies Defendant's motion for judgment of acquittal on Count 1.

To convict a defendant on a count for aiding and abetting the possession with intent to distribute methamphetamine, the government must prove that the defendant: (1) associated himself with the unlawful venture; (2) participated in it as something he wished to bring about; and (3) sought by his actions to make the venture succeed. *See United States v. Santana*, 524 F.3d 851, 853 (8th Cir. 2008) (citation omitted). The evidence at trial showed that on November 14, 2016, co-defendant James Lee Johnson and co-conspirator Bouaphet Phitsanoukanh knowingly agreed to obtain and possess, and did possess, at least thirty pounds of methamphetamine with the intent to distribute. The evidence, via testimony from both cooperating co-defendant witnesses, showed that Defendant was an active part of the discussion on how to get methamphetamine from a truck stop and their agreement on the date to get the methamphetamine. In addition,

Phitsanoukanh testified that Defendant encouraged Johnson.  Finally, the evidence showed that the agreement to possess and distribute the methamphetamine was finalized in Defendant's garage and several of Johnson's items were found inside Defendant's home when his home was searched.  Additional evidence includes the fact that both Defendant and Johnson brought firearms out to show Phitsanoukanh while Phitsanoukanh waited for another participant to arrive and go with him to the truck stop to pick up the methamphetamine, and Defendant attempted to recover the methamphetamine after law enforcement stopped Phitsanoukanh.

Based on a review of the evidence submitted at trial, the Court concludes that there is sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Defendant aided and abetted the possession with intent to distribute methamphetamine.  Accordingly, Defendant's motion for judgment of acquittal on Count 2 is denied.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion for judgment of acquittal (Doc. No. [321]) is **DENIED**.


Dated:  December 4, 2019               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge