UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 18-245(4) (DWF/HB)
                                                          Civil No. 22-2853 (DWF)
                    Respondent-Plaintiff,

v.                                                              MEMORANDUM
                                                        OPINION AND ORDER
James Flaherty Hill,

                    Petitioner-Defendant.


INTRODUCTION

This matter is before the Court on Petitioner-Defendant James Flaherty Hill's

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. (Doc.

No. 523.) The United States of America (the "Government") opposes Hill's motion.

(Doc. No. 531.) For the reasons discussed below, the Court respectfully denies Hill's

motion.

BACKGROUND

In a superseding indictment, Hill was charged with one count of conspiracy to

distribute methamphetamine and one count of aiding and abetting possession with intent

to distribute methamphetamine. (Doc. No. 20 at 1-2.) Six others were charged with

related drug trafficking offenses. (*Id.*) Hill was the only one to proceed to trial.

Following trial, the jury convicted Hill on both counts. (Doc. No. 306.) This

Court sentenced Hill to 204 months in prison. (Doc. No. 425.) Hill now brings a motion

under § 2255, arguing that his sentence should be vacated, set aside, or corrected because

his trial counsel was ineffective for failing to object to (1) the prosecutor's improper

closing argument and (2) improper final jury instructions.  The Government opposes the

motion.

## DISCUSSION

A court may "vacate, set aside or correct" a sentence that is "in excess of the

maximum authorized by law."  28 U.S.C. § 2255(a).  The burden is on the movant to

demonstrate that he is entitled to relief.  *Walker v. United States*, 900 F.3d 1012, 1015

(8th Cir. 2018) (citation omitted).

Every criminal defendant has a constitutional right, guaranteed by the Sixth and

Fourteenth Amendments, to effective counsel at trial and sentencing.  *Strickland v.*

*Washington*, 466 U.S. 668, 685-86 (1984).  To prevail on a claim for ineffective

assistance of counsel under § 2255, however, a defendant must overcome a "heavy

burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that

burden, a defendant must first "show that counsel's performance was deficient."

*Strickland*, 466 U.S. at 687.  The deficiency must be "so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*

Second, the defendant must establish that the deficient performance actually prejudiced

the defense.  *Id.* at 691-92.  To establish that there was a deficient performance, the

defendant must show that the errors were not the result of "reasonable professional

judgment."  *Id.* at 690.  There is a strong presumption "that counsel . . . rendered

adequate assistance."  *Id.*  A defendant must prove then, with "a probability sufficient to

undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Hill argues that the prosecutor's closing argument was improper because the prosecutor stated that Hill lied to the jurors when he was on the stand. Hill asserts that this argument was improper because it was the prosecutor's personal opinion about the veracity of Hill's testimony. In response, the Government argues that a prosecutor is allowed to use "colorful pejoratives" at closing argument and that the prosecutor's statements here did not amount to misconduct.

During closing argument, the prosecutor said the following:

And I'm going to repeat that, while he was on the stand, lying to you.
Lying. That's the only way you can accept that narrative.

(Doc No. 338 at 217-18.) The prosecutor made this statement during rebuttal, after Hill's counsel had argued that Hill had no knowledge about the drug trafficking conspiracy. The prosecutor's assertion that Hill was lying was based on the evidence that the Government had put forward during trial, directly contradicting Hill's testimony. "It is permissible for a prosecutor to interpret the evidence as indicating that the defendant is not telling the truth." *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001). These statements were not improper and thus Hill's trial counsel was not ineffective for failing to object.

Hill next argues that the prosecutor made improper statements about the presumption of innocence. The prosecutor said the following:

Now, Ladies and Gentlemen, the Defendant is presumed innocent. He is presumed innocent in the course of trial, that is absolute. And in a few

minutes His Honor will instruct you, and then you get to go through those doors, or that door, and then go to task. And that is when you get to decide whether or not the presumption is there. And it's not. There is proof beyond a reasonable doubt once you get through this door.

(Doc. No. 338 at 219-20.) Hill argues that it was improper for the prosecutor to suggest that the presumption of innocence did not continue through jury deliberations. The Government argues that these remarks did not imply that the presumption of innocence was removed and instead contends that the statement was based on the Government's characterization of the evidence.

It is improper for a prosecutor to tell the jury that the presumption of innocence has been "removed" or is no longer "protecting and shielding" the defendant. *Kellogg v. Skon*, 176 F.3d 447, 451 (8th Cir. 1999). But that is not what the prosecutor told the jury in this case. Rather, the prosecutor told the jurors that they "get to decide whether or not the presumption is there." (Doc. No. 338 at 220.) The prosecutor argued that the presumption was gone because "[t]here is proof beyond a reasonable doubt" that Hill was guilty. (*Id.*) The presumption of innocence "is extinguished only upon the jury's determination of guilt beyond a reasonable doubt." *Kellogg*, 176 F.3d at 451. The prosecutor did not argue that the presumption of innocence was removed during deliberations but rather urged the jury to conclude that the presumption was not "there" because Hill was guilty beyond a reasonable doubt. While it would have been more accurate for the prosecutor to say that the jurors get to decide whether the presumption is "extinguished" based on their determination of guilty beyond a reasonable doubt, the Court concludes that the prosecutor's remarks were not a misstatement of the law.

4

Even if the prosecutor's statements were improper, Hill has failed to demonstrate

that the statements rendered his trial fundamentally unfair.  In *United States v. Marin*, 31

F.4th 1049, 1055-56 (8th Cir. 2022), the Eighth Circuit found that a prosecutor's remarks

about the presumption of innocence during closing argument were improper but

ultimately concluded that the remarks did not prejudice the defendant for three reasons.

First, the defendant was challenging a single remark with no "cumulative effect."  *Id.* at

1055.  Second, the evidence against the defendant was strong.  *Id.* at 1055-56.  And third,

"the district court took curative action" when it properly instructed the jury on the

presumption of innocence and further "instructed jurors not to accept contradictory

statements by the parties."  *Id.* at 1056.

The same reasoning applies to this case.  Hill challenges one statement made by

the prosecutor about the presumption of innocence.  He does not argue that there was any

"cumulative effect of impropriety."  *Id.* at 1055 (internal quotations and citation omitted).

Moreover, the evidence against Hill is strong.  The drug trafficking conspiracy largely

took place at Hill's home.  And multiple witnesses testified that Hill was not only aware

of the trafficking scheme but actively participated in it.  The amount of evidence

supporting Hill's convictions weighs heavily against a finding of prejudice.  Finally, the

Court took curative action.  After closing arguments, the Court reiterated to the jury that

Hill "is presumed to be innocent" and "the presumption of innocence alone is sufficient

to find the Defendant not guilty and can be overcome only if the Government proves

beyond a reasonable doubt each essential element of the crime charged."  (Doc. No. 338

at 240-41.)  And the Court further instructed the jury to disregard arguments of counsel

that contradicted the jury instructions.  (*Id.* at 224-25.)  In sum, Hill has failed to demonstrate that the prosecutor's remarks prejudiced him.

Lastly, Hill argues that the final jury instructions were improper.  Hill specifically takes issue with the willful blindness and reasonable doubt instructions.  Hill argues that there was no basis for a willful blindness instruction because "[t]here was no evidence that Hill contrived to learn any facts in order to create a defense in a possible future prosecution."  (Doc. No. 524 at 12.)

A willful blindness instruction should not be given "when the evidence points solely to either actual knowledge or no knowledge of the facts in question."  *United States v. Lewis*, 557 F.3d 601, 613 (8th Cir. 2009) (internal quotations and citation omitted).  But the instruction is appropriate "if there is sufficient evidence to support an inference of deliberate ignorance."  *Id.* (internal quotations and citation omitted).  The Eighth Circuit has indicated that "a willful blindness instruction is particularly appropriate when the defendant denies any knowledge of a criminal scheme despite strong evidence to the contrary."  *Id.* (internal quotations and citation omitted).

The evidence in the record supports the conclusion that Hill either knew about the drug trafficking scheme or was deliberately ignorant of the scheme occurring, in part, within his own home.  It was not improper for the Court to provide a willful blindness instruction given the strong evidence contradicting Hill's testimony.  Moreover, Hill fails to explain how this instruction prejudiced him.

Additionally, Hill notes that the Court's reasonable doubt instruction did not match the current model jury instructions.  Hill fails to explain why the instruction was

improper—aside from the fact that it did not match the current model instruction—or how the instruction prejudiced him.

"Unless mandated by this court in a decision," the model jury instructions "serve as helpful suggestions, but are not binding on the district courts." *United States v. Owens*, 966 F.3d 700, 705 (8th Cir. 2020) (internal quotations and citation omitted). "That the Judicial Committee on Model Jury Instructions has amended the model instruction d[oes] not require the district court to deviate from its preferred version." *Id.* at 706.  Moreover, the Eighth Circuit has approved similar versions of the reasonable doubt instruction that the Court used here.  *See United States v. Spires*, 628 F.3d 1049, 1054 (8th Cir. 2011) (upholding a similar reasonable doubt jury instruction).  Because this instruction was proper, Hill's counsel was not ineffective for failing to object.

In sum, Hill has failed to demonstrate that his trial counsel was ineffective for failing to object to the Government's closing argument or the final jury instructions. There is no reason for the Court to further explore any credibility issues with respect to Hill's claims.  A § 2255 motion can be dismissed without a hearing if:  (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  The Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court has considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted).  Moreover, Hill has not made a substantial showing of the denial of a constitutional right.  Thus, the Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court denies Hill's motion to vacate, set aside, or correct the sentence.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Petitioner-Defendant Hill's motion to vacate under 28 U.S.C. § 2255 (Doc. No. [523]) is respectfully **DENIED**.

2.      No evidentiary hearing is required in this matter.

3.      No Certificate of Appealability will be issued to Petitioner-Defendant Hill.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 24, 2023                              s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge